UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JAY KETOVER, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-12987 |
| Plaintiff, | Judge Thomas L. Ludington<br>Magistrate Patricia T. Morris |
| v | |
| KIPLINGER WASHINGTON EDITORS, INC., | |
| Defendant. | |
| _____/ | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Kiplinger Washington Editors, Inc. ("Defendant" or "Kiplinger"), by its undersigned counsel, respectfully moves for an order dismissing Plaintiff's Class Action Complaint with prejudice pursuant to Fed. R. Civ. P. 56. Defendant relies on the accompanying brief and declaration in support of this Motion.

Defendant's counsel herby certifies that, on February 24, 2022, it conferred with Plaintiff's counsel about this Motion pursuant to Local Rule 7.1(a). Plaintiff's counsel did not concur in the relief sought in this Motion, thus necessitating its filing.

February 25, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　/s/ David C. Anderson
　　　　　　　　　　　　　　　　David C. Anderson (P55258)
　　　　　　　　　　　　　　　　COLLINS EINHORN FARRELL PC
　　　　　　　　　　　　　　　　4000 Town Center, 9th Floor
　　　　　　　　　　　　　　　　Southfield, MI  48075
　　　　　　　　　　　　　　　　Tel.: (248) 355-4141
　　　　　　　　　　　　　　　　David.Anderson@ceflawyers.com

　　　　　　　　　　　　　　　　/s Walter E. Diercks
　　　　　　　　　　　　　　　　Walter E. Diercks (D.C. Bar No. 161620)
　　　　　　　　　　　　　　　　　　(application for admission pending)
　　　　　　　　　　　　　　　　Rubin, Winston, Diercks,
　　　　　　　　　　　　　　　　　　Harris & Cooke, LLP
　　　　　　　　　　　　　　　　1250 Connecticut Avenue, NW, Suite 700
　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　(202) 861-0870
　　　　　　　　　　　　　　　　wdiercks@rwdhc.com

　　　　　　　　　　　　　　　　*Attorneys for Kiplinger Washington Editors, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

JAY KETOVER, individually and on behalf of all others similarly situated,

    Plaintiff,

v

KIPLINGER WASHINGTON EDITORS, INC.,

    Defendant.
_____/

Case No. 1:21-cv-12987

Judge Thomas L. Ludington
Magistrate Patricia T. Morris

## DEFENDANT'S BRIEF IN SUPPORT OF
## ITS MOTION FOR SUMMARY JUDGMENT

## CONCISE STATEMENT OF ISSUE PRESENTED

1. Whether Defendant Kiplinger Washington Editors, Inc. ("Kiplinger") is entitled to entry of summary judgement in its favor on Plaintiff Jay Ketover's claims for violations of the Michigan Preservation of Personal Privacy Act ("PPPA") because it is an undisputed fact, established by the attached Declaration of Denise Elliott, that at no time during the time period December 22, 2016 through and including July 30, 2016 did Kiplinger disclose any of Plaintiff's Personal Reading Information in violation of the PPPA.

    Defendant's answer:  Yes.

    Plaintiff's likely answer:  No.

## **CONTROLLING OR MOST IMPORTANT AUTHORITY**

The controlling authority for this Motion includes:

1. Fed. R.Civ.P. 56

2. MICH. COMP. LAWS § 445.1712

3. 2016 Mich. Pub. Acts No. 92

4. MICH. COMP. LAWS § 600.5813

5. *Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group, Inc.*, Case No. 1:21-cv-11404-TLL-PTM (E.D. Mich. Feb. 15, 2022)

6. *Brown v. Klotz*, Case No. Case No.: 19-11509-TLL-RSW (E.D. Mich. Aug. 17, 2022)

7. *Klepper v. First American Bank*, 916 F.2d 337 (6th Cir. 1990)

8. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)

9. *Celetox Corp. v. Catrett*, 477 U.S. 317 (1986)

10. *Simmons-Harris v. Zelman*, 234 F.3d 945 (6th Cir. 2000)

11. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989)

12. *Perlin v. Time Inc.*, 237 F. Supp. 3d 623 (E.D. Mich. 2017)

I.  **INTRODUCTION**

Reduced to its essence, Plaintiff's Complaint alleges that he was a subscriber to *Kiplinger's Personal Finance* magazine and that, "during the relevant pre-July 30, 2016 time period," Kiplinger violated Plaintiff's statutorily protected right to privacy in his reading habits codified in MICH. COMP. LAWS § 445.1712 (the "PPPA") by disclosing his "Personal Reading Information." Complaint at Paragraph 72.[1]  Preservation of Personal Privacy Act (PPPA),[1] MICH. COMP. LAWS § 445.1711 *et seq.*

This motion for summary judgment is based on the undisputed facts set forth

---

[1] The Preservation of Personal Privacy Act ("PPPA") is codified at MICH. COMP. LAWS § 445.1711 *et seq*. Effective July 31, 2016, the Michigan legislature amended the PPPA to remove statutory damages, leaving only actual damages, damages for emotional distress, and reasonable costs and attorney's fees. 2016 Mich. Pub. Acts No. 92. Kiplinger presumes that Plaintiff's repeated references in the Complaint to "during the relevant pre-July 30, 2016 time period," actually were intended to include July 30, 2016 within the scope of his allegations. Kiplinger assumes that any references in the Complaint to "the relevant pre-July 30, 2016 time period" should be deemed to also include July 30, 2016. Michigan's six year "catch all" statute of limitations is established by MICH. COMP. LAWS § 600.5813. Kiplinger contends that the applicable statute of limitations in fact is three years as provided by MICH. COMP. LAWS § 600.5805. Kiplinger is aware that this Court has previously held that the six-year statute of limitations provided for in MICH. COMP. LAWS § 600.5813 is applicable to PPPA claims and for purposes of this motion only will assume that the six-year statute of limitations applies. *See*, *Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group, Inc.*, Case No. 1:21-cv-11404-TLL-PTM (E.D. Mich. Feb. 15, 2022), a copy of which is attached hereto as Exhibit B. Kiplinger does not waive its affirmative defense that the Plaintiff's claims are barred by the three year statute of limitations provided for in § 600.5805.

in the Declaration of Denise Elliott, attached hereto and made a part hereof as Exhibit A, which establish that at no time between December 22, 2015 and July 30, 2016 (the time frame during which any PPPA claim arguably would not be barred by the six year statute of limitation) did Defendant Kiplinger disclose any of Plaintiff's Personal Reading Information as alleged in the Complaint. Since Defendant did not disclose any of Plaintiff's Personal Reading Information at any time between December 22, 2015 and July 30, 2016 as alleged in the Complaint, Kiplinger is entitled to summary judgement in its favor.

The undisputed facts are set out below.

## II. STATEMENT OF UNDISPUTED FACTS

1. Kiplinger publishes a number of publications, including *Kiplinger's Personal Finance* magazine. Elliott Declaration, Exhibit A at ¶ 2.

2. Plaintiff Jay Ketover was not a subscriber to *Kiplinger's Personal Finance* "during the relevant pre-July 30, 2016 time period" and did not purchase a subscription to *Kiplinger's Personal Finance* directly from Kiplinger "during the relevant pre-July 30, 2016 time period." Elliott Declaration, Exhibit A at ¶ 2

3. Plaintiff Jay Ketover was a subscriber to *Kiplinger's Personal Finance*. However, his subscription expired prior to January 1, 2014. Elliott Declaration, Exhibit A at ¶ 3. A.

4. At no time during the time period from December 22, 2015 through July

5

30, 2016 did Kiplinger a) disclose Plaintiff Jay Ketover's Personal Reading Information to data aggregators, data appenders or b) rent or exchange mailing lists containing Jay Ketover's Personal Reading Information to third parties seeking to contact Kiplinger subscribers. Elliott Declaration, Exhibit A at ¶ 3. B.

5. At no time during the time period from December 22, 2015 through July 30, 2016 did Kiplinger disclose Plaintiff Jay Ketover's Personal Reading Information, which identified him as a *Kiplinger's Personal Finance* customer. Elliott Declaration, Exhibit A at ¶ 3. C.

6. At no time during the time period from December 22, 2015 through July 30, 2016 did Kiplinger disclose mailing lists containing Plaintiff Jay Ketover's Personal Reading Information to data aggregators and data appenders. Elliott Declaration, Exhibit A at ¶ 3. D.

7. At no time during the time period from December 22, 2015 through July 30, 2016 did Kiplinger disclose mailing lists containing Plaintiff Jay Ketover's Personal Reading Information to data cooperatives. Elliott Declaration, Exhibit A at ¶ 3. E.

8. At no time during the time period from December 22, 2015 through July 30, 2016 did Kiplinger rent and/or exchange its mailing lists containing Plaintiff Jay Ketover's Personal Reading Information. Elliott Declaration, Exhibit A at ¶ 3. F.

9. At no time during the time period from December 22, 2015 through July

6

30, 2016 did Kiplinger disclose to persons other than Plaintiff Jay Ketover records or information concerning his purchase of written materials from Kiplinger. Elliott Declaration, Exhibit A at ¶ 3. G.

10. At no time during the time period from December 22, 2015 through July 30, 2016 did Kiplinger disclose information which revealed Plaintiff Jay Ketover's identity, or his name, address or whether he subscribed to *Kiplinger's Personal Finance*. Elliott Declaration, Exhibit A at ¶ 3. H.

11. At no time during the time period from December 22, 2015 through July 30, 2016 did Kiplinger disclose Plaintiff Jay Ketover's Personal Reading Information to any third party. Elliott Declaration, Exhibit A at ¶ 3. I.

12. Kiplinger did not disclose Jay Ketover's Personal Reading Information to a third party at least as far back as January 1, 2014. Elliott Declaration, Exhibit A at ¶ 3. J.

### III. LAW AND ANALYSIS

#### A. STANDARD OF REVIEW

Kiplinger adopts Magistrate Judge Whalen's recent detailed description of the standard applicable to consideration of a motion for summary judgment:

> Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to

7

create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir.2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

*Brown v. Klotz*, Case No. Case No.: 19-11509-TLL-RSW (E.D. Mich. Aug. 17, 2022) at 4-5 (copy attached as Exhibit C).

### B. THE COMPLAINT ALLEGES VIOLATIONS OF THE PPPA OCCURRING BETWEEN DECEMBER 22, 2015 AND JULY 30, 2016

The Complaint is entirely premised on alleged disclosures of Plaintiff's Personal Reading Information by Kiplinger "during the relevant pre-July 30, 2016

8

time period." *See, e.g.*, Complaint at ¶¶ 1, 3, 9, 46, 49, 65, 69, 70, 71 and 72. Footnote 1 of the Complaint states that "The statutory period for this action is six years. *See,* M.C.C. § 600.5831." [2]

This Court has held that a PPPA claim accrues "at the time Defendant committed its alleged [PPPA] violations." *Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group, Inc.*, *supra* at 13 (*citing Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 634 (E.D. Mich. 2017). Hence, on its face the Complaint only alleges Kiplinger's disclosure of Plaintiff's Personal Reading Information in violation of the PPPA during the time period December 22, 2015 through July 30, 2016.

### C. THE UNDISPUTED MATERIAL FACTS SHOW THAT KIPLINGER DID NOT DISCLOSE PLAINTIFF'S PERSONAL READING INFORMATION IN VIOLATION OF THE PPPA DURING THE TIME PERIOD DECEMBER 22, 2015 THROUGH JULY 30, 2016

The undisputed material facts set out in the Declaration of Denise Elliott, establish that Kiplinger did not disclose Plaintiff Jay Ketover's Personal Reading Information in violation of the PPPA at any time between December 22, 2015 and July 30, 2016.

Thus, the undisputed material facts establish that, contrary to the allegations

---

[2] As stated above, Kiplinger has, out of an abundance of caution, construed the phrase "the relevant pre-July 30, 2016 time period" repeatedly used in the Complaint to include July 30, 2016.

9

of the Complaint, at no time between January 1, 2014 through July 30, 2016 did Kiplinger disclose Plaintiff Ketover's Personal Reading Information and therefore Kiplinger did not violate the PPPA as alleged in the Complaint.

Disclosure by Kiplinger of Plaintiff Ketover's Personal Reading Information in violation of the PPPA "during the relevant pre-July 30, 2016 time period" is an essential element of Plaintiff's cause of action for a violation of the PPPA for which the Plaintiff bears the burden of proof. Since the Plaintiff cannot carry this burden, Kiplinger is entitled to summary judgment. *Celotex Corp.*, *supra* 477 U.S. at 322-23.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Defendant's summary judgment motion pursuant to Fed. R. Civ. P. 56, dismiss this case with prejudice, and award Defendant any other relief this Court deems equitable and just.

February 25, 2022                    Respectfully submitted,

<u>/s/ David C. Anderson</u>
David C. Anderson (P55258)
COLLINS EINHORN FARRELL PC
4000 Town Center, 9th Floor
Southfield, MI  48075
Tel.: (248) 355-4141
David.Anderson@ceflawyers.com

/s Walter E. Diercks
Walter E. Diercks (D.C. Bar No. 161620)
   (application for admission pending)
Rubin, Winston, Diercks,
  Harris & Cooke, LLP
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
(202) 861-0870
wdiercks@rwdhc.com

*Attorneys for Kiplinger Washington Editors, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I electronically filed the foregoing Defendant's Motion for Summary Judgment and Defendant's Brief in Support of its Motion for Summary Judgment with the Clerk of the Court using the ECF system, and that a copy was electronically served on all counsel of record via the ECF system.

/s/ David C. Anderson

11