UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RALPH STRANO, individually and on
behalf of all others similarly situated,

        Plaintiff,                              Case No. 1:21-cv-12987

v.                                                Honorable Thomas L. Ludington
                                                     United States District Judge

KIPLINGER WASHINGTON EDITORS, INC.,

        Defendant.
_____/

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

In this class-action suit brought under Michigan's Preservation of Personal Privacy Act, Plaintiff Ralph Strano[1] alleges that Defendant Kiplinger Washington Editors improperly disclosed "detailed information" about his subscription to *Kiplinger's Personal Finance*, leading to "a barrage of unwanted junk mail." ECF No. 9 at PageID.543–44.

Following successful settlement negotiations, Plaintiff filed an unopposed motion for preliminary approval of the class-action settlement. ECF No. 19. The Motion seeks (1) class certification for settlement purposes; (2) appointment of Plaintiff's attorneys as class counsel for settlement purposes; (3) preliminary approval of the settlement agreement; and (4) approval of the proposed notice plan. *Id.*

The proposed settlement provides that each unnamed class member would automatically receive approximately $248, but that Plaintiff Strano would receive an additional $5,000 "service

---

[1] Plaintiff's Amended Complaint replaced the original Plaintiff, Jay Ketover, with Ralph Strano. ECF No. 9.

award" for his "time, effort, and leadership serving as class representative." *Id.* at PageID.1167–68.

The question at the preliminary-approval stage is "simply whether the settlement is fair enough" to begin the class-notice process. *Garner Props. & Mgmt. v. City of Inkster*, 333 F.R.D. 614, 626 (E.D. Mich. 2020). A settlement agreement should be preliminarily approved if it "(1) does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or segments of the class, or excessive compensation for attorneys, and (2) appears to fall within the range of possible approval." *Sheick v. Auto. Component Carrier, LLC*, 09-14429, 2010 WL 3070130 at *11 (E.D. Mich. Aug. 2, 2010).

But the Sixth Circuit has expressed consternation at service awards. *In re Dry Max Pampers Litig.*, 724 F.3d 715, 722 (6th Cir. 2013) ("Thus, to the extent that incentive awards are common, they are like dandelions on an unmowed lawn—present more by inattention than by design."); *see also* Charles R. Korsmo & Minor Myers, *Lead Plaintiff Incentives in Aggregate Litigation*, 72 VAND. L. REV. 1923, 1930 (2019) ("[T]he legal basis for a court to make a special award to a lead plaintiff is decidedly murky.").

Lower courts have since grown skeptical of these "incentive awards" because they "create[] a misalignment of the interests of the class and the representatives." *Green v. FCA US LLC*, No. 20-13079, 2022 WL 3153777 at *2 (E.D. Mich. Aug. 8, 2022) (reducing incentive award from $5,000 to $1,000 because unnamed class members would receive $10.40); *Garner*, 333 F.R.D. at 624, 626 (reducing incentive award from the "100 times greater" $10,000 incentive award to a "10 times greater" $1,000); *see also Hodges v. 77 Grandville,* No. 19-81, 2022 WL 456769 at *3 (W.D. Mich. Feb. 15, 2022) (denying incentive award of $10,000 because it was 50 times greater than what unnamed class members would have received).

Plaintiff Strano's incentive payment is "most dubious" because it "make[s] the class representatives whole, or (as here) even more than whole." *Dry Max*, 724 F.3d at 722 ("[F]or in that case the class representatives have no reason to care whether the mechanisms available to unnamed class members provide adequate relief."). The statutory penalty for Defendant's alleged conduct in this case is the great of either $5,000 or "actual damages, including damages for emotional distress." MICH. COMP. LAWS § 445.1715(a) (1989). The parties' settlement agreement awards Plaintiff a $5,000 "service award" for his "time, effort, and leadership serving as class representative." ECF No. 19 at PageID.1168. That incentive payment—which seemingly makes Plaintiff Strano whole under the PPPA—is more than 20 times the $248 that unnamed class members would receive. *See id.* at PageID.1159.

Accordingly, it is **ORDERED** that the Plaintiff and Defendant are **DIRECTED** to submit supplemental briefing addressing (1) whether Plaintiff Strano's $5,000 "service award" creates an inappropriate incentive to settle regardless of the benefit to other class members and (2) why Plaintiff is entitled to $5,000 as a "service award."

Further, it is **ORDERED** that the parties supplemental briefs shall be **no longer than five pages in length**.

Further, it is **ORDERED** that the parties' supplemental briefs are due **on or before September 9, 2022**.

Dated: August 26, 2022    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge