**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| RALPH STRANO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> KIPLINGER WASHINGTON EDITORS INC., <br><br> Defendant. | Case No. 1:21-cv-12987 <br><br> Hon. Thomas L. Ludington <br><br> Mag. Judge Patricia T. Morris |

**PLAINTIFF'S UNOPPOSED MOTION FOR**
**<u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

The undersigned counsel certifies that Class Counsel communicated with Defendant's counsel, via email on May 22, 2023, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; Defendant's counsel does not oppose this motion, or the relief requested herein.

For the reasons set forth in Plaintiff's Brief in Support of his Unopposed Motion for Final Approval of Class Action Settlement, Plaintiff respectfully requests that the Court grant final approval to the Class Action Settlement and enter final judgment.[1]

Dated: May 22, 2023

Respectfully submitted,

By: */s/ Philip L. Fraietta*
One of Plaintiff's Attorneys

Joseph I. Marchese (P85862)
jmarchese@bursor.com
Philip L. Fraietta (P85228)
pfraietta@bursor.com
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Fl
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

*Class Counsel*

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
**THE MILLER LAW FIRM, P.C.**

---

[1] The Settlement Agreement and its exhibits are included with the accompanying Declaration of Philip L. Fraietta in Support of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement.

1

950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248.841.2200
epm@millerlawpc.com
ssa@millerlawpc.com

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801

*Other Counsel for Plaintiff*

2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | |
|---|---|
| RALPH STRANO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KIPLINGER WASHINGTON EDITORS INC.,<br><br>Defendant. | Case No. 1:21-cv-12987<br><br>Hon. Thomas L. Ludington<br><br>Mag. Judge Patricia T. Morris |

## BRIEF IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## STATEMENT OF ISSUES PRESENTED

1. Whether this Court should find that notice to the Settlement Class satisfies the requirements of Due Process and Federal Rule of Civil Procedure 23, when direct notice—detailing the terms of the Settlement Agreement and individual options for objecting, opting-out, or automatically receiving payment—was transmitted via postcard notice or e-mail and reached 95.5% of the Settlement Class Members?

   **Plaintiff's Answer: Yes.**

2. Whether this Court should grant final approval to the Settlement Agreement under Michigan's Preservation of Personal Privacy Act, M.C.L. §§ 445.1711-1715 ("PPPA"), finding it fair, reasonable, and adequate, when it delivers meaningful monetary relief to the Settlement Class?

   **Plaintiff's Answer: Yes.**

3. Whether the Settlement Class should be finally certified under Federal Rule of Civil Procedure 23(a) and 23(b)(3) where this Court has conditionally certified the Class for settlement purposes and nothing has changed to alter the propriety of this Court's certification?

   **Plaintiff's Answer: Yes.**

## CONTROLLING AND MOST IMPORTANT AUTHORITY

Fed. R. Civ. P. 23

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974)

*In re Cardizem CD Antitrust Litig.*,
   218 F.R.D. 508 (E.D. Mich. 2003)

*Leonhardt v. ArvinMeritor, Inc.*,
   581 F. Supp. 2d 818 (E.D. Mich. 2008)

*UAW v. Gen. Motors Corp.*,
   2006 WL 891151 (E.D. Mich. Mar. 31, 2006)

*UAW v. Gen. Motors Corp.*,
   497 F.3d 615 (6th Cir. 2007)

*Williams v. Vukovich*,
   720 F.2d 909 (6th Cir. 1983)

*Fidel v. Farley*,
   534 F.3d 508 (6th Cir. 2008)

*Gascho v. Glob. Fitness Holdings, LLC*,
   822 F.3d 269 (6th Cir. 2016)

Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process
   Checklist and Plain Language Guide (2010)

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ......................................................... i
CONTROLLING AND MOST IMPORTANT AUTHORITY .............................. ii
TABLE OF AUTHORITIES ...................................................................... iv

I. INTRODUCTION ................................................................................ 1

II. SUMMARY OF THE LITIGATION ....................................................... 2
   A. Michigan's Preservation of Personal Privacy Act ............................ 2
   B. Plaintiff's Allegations ................................................................ 3
   C. Settlement Discussions ............................................................... 4

III. TERMS OF THE SETTLEMENT AGREEMENT ..................................... 5
   A. Class Definition ........................................................................ 5
   B. Monetary Relief ........................................................................ 6
   C. Release .................................................................................... 6
   D. Notice and Administration Expenses .............................................. 7
   E. Service Award and Attorneys' Fees and Expenses ............................ 7

IV. THE NOTICE PLAN COMPORTS WITH DUE PROCESS ........................ 7

V. THE SETTLEMENT WARRANTS FINAL APPROVAL ............................ 10
   A. The Rule 23(e)(2) Factors Weigh in Favor of Final Approval ............ 11
   B. The Sixth Circuit's *UAW* Factors Weigh in Favor of Final Approval ......... 13
      1. There is No Risk of Fraud or Collusion (*UAW* Factor 1) ........................ 13
      2. Litigation Through Trial Would be Complex, Costly, and Long (*UAW* Factor 2) ................................................................................. 13
      3. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*UAW* Factor 3) ............................................. 15
      4. Plaintiff Would Face Real Risks if the Case Proceeded (*UAW* Factor 4) . 16
      5. Class Counsel and the Class Representative Support the Settlement (*UAW* Factor 5) ................................................................................. 16
      6. The Reaction of Absent Class Members Is Uniformly Positive (*UAW* Factor 6) ................................................................................. 17
      7. The Settlement Serves the Public Interest (*UAW* Factor 7) ..................... 18

VI. THE SETTLEMENT CLASS SHOULD BE FINALLY CERTIFIED ............. 19

VII. CONCLUSION ............................................................................... 20

# TABLE OF AUTHORITIES

## Cases

*Bozung v. Christianbook, LLC*,
  2023 WL 2385004 (W.D. Mich. Mar. 6, 2023) .................................................14

*Coulter-Owens v. Rodale, Inc.*,
  No. 2:14-cv-12688 (E.D. Mich.).......................................................................2

*Dick v. Sprint Commc'ns Co. L.P.*,
  297 F.R.D. 283 (W.D. Ky. 2014) .......................................................................8

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974) ......................................................................................8, 18

*Fidel v. Farley*,
  534 F.3d 508 (6th Cir. 2008).............................................................................8

*Gascho v. Glob. Fitness Holdings, LLC*,
  822 F.3d 269 (6th Cir. 2016).............................................................................9

*Halliday v. Weltman, Weiner & Reis Co., L.P.A.*,
  2013 WL 692856 (E.D. Mich. Feb. 26, 2013)....................................................10

*Hanlon v. Chrysler*,
  150 F.3d 1011 (9th Cir. 1998)..........................................................................17

*Horton v. GameStop, Corp.*,
  380 F. Supp. 3d 679 (W.D. Mich. 2018) ............................................................3

*In re Cardizem CD Antitrust Litig.*,
  218 F.R.D. 508 (E.D. Mich. 2003) ............................................................. 17, 18

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,
  2009 WL 5184352 (W.D. Ky. Dec. 22, 2009).....................................................8

*Kain v. The Economist Newspaper NA, Inc.*,
  No. 4:21-cv-11807 (E.D. Mich.).......................................................................2

*Kinder v. Meredith Corp.*,
  No. 1:14-cv-11284 (E.D. Mich.)...................................................................2, 12

*Leonhardt v. ArvinMeritor, Inc.*,
  581 F. Supp. 2d 818 (E.D. Mich. 2008)........................................................ 10, 13

*Massiah v. MetroPlus Health Plan, Inc.*,
  2012 WL 5874655 (E.D.N.Y. Nov. 20, 2012)...................................................17

*Moeller v. American Media, Inc.*,
  No. 2:16-cv-11367 (E.D. Mich. Sept. 28, 2017)................................................12

*Nashel v. New York Times Co.*,
  2022 WL 6775657 (E.D. Mich. Oct. 11, 2022)..................................................14

*Olden v. Gardner*,
  294 F. App'x 210 (6th Cir. 2008) ....................................................................17

*Perlin v. Time, Inc.*,
 No. 2:16-cv-10635 (E.D. Mich.) ..........................................................................2, 12

*Sheick v. Auto. Component Carrier, LLC*,
 2010 WL 3070130 (E.D. Mich. Aug. 2, 2010) ....................................................13

*UAW v. Gen. Motors Corp.*,
 2006 WL 891151 (E.D. Mich. Mar. 31, 2006) ...................................................8, 13

*UAW v. Gen. Motors Corp.*,
 497 F.3d 615 (6th Cir. 2007) ........................................................................ passim

*Williams v. Vukovich*,
 720 F.2d 909 (6th Cir. 1983) ..............................................................................10

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... passim

Fed. R. Civ. P. 23(c)(2)(B) ...................................................................................8

Fed. R. Civ. P. 23(e) ...........................................................................................10

Fed. R. Civ. P. 23(e)(2) ....................................................................................... passim

**Statutes**

M.C.L. § 445.1712 ...............................................................................................3

M.C.L. § 445.1715 ...............................................................................................3

v

## I.   INTRODUCTION

On January 6, 2023, this Court preliminarily approved the class action Settlement Agreement[2] between Plaintiff Ralph Strano ("Plaintiff") and Defendant Kiplinger Washington Editors, Inc. ("Kiplinger" or "Defendant") and directed that notice be sent to every Settlement Class Member. *See* Order Granting Preliminary Approval, ECF No. 26. The settlement administrator has implemented the Court-approved notice plan and direct notice has reached 95.5% of the certified Settlement Class. The reaction from the class has been overwhelmingly positive, which is not surprising given the strength of the Settlement. Specifically, of the 17,413 Settlement Class Members, zero have objected and only five requested to be excluded.

The strength of the Settlement – which was the product of a mediator's recommendation by The Honorable Gerald E. Rosen (Ret.), former Chief Judge of the Eastern District of Michigan and now a neutral with JAMS Detroit, after a lengthy mediation process – speaks for itself: it creates a $6,845,670 non-reversionary common fund which equates to a per-Class Member aggregate recovery of approximately $390, from which every Settlement Class Member (except for those who submit requests for exclusion from the Settlement) will automatically receive (i.e., without having to file a claim form) a *pro rata* cash payment of

---

[2]     Unless otherwise indicated, all capitalized terms herein have the same meaning as ascribed to them in the "Definitions" section of the Settlement Agreement (the "Agreement" or the "Settlement.").

1

approximately $248. On a monetary basis, the Settlement Agreement amount recovered for each class member outperforms all but one prior PPPA settlement.[3] Also, unlike in other PPPA settlements where 80%–90% of the class did not receive payment, here every class member will receive payment. Simply put, the Settlement is the platinum standard for class action settlements.

For these reasons, and as explained further below, the Settlement is fair, reasonable, and adequate, warranting this Court's final approval.

## II.    SUMMARY OF THE LITIGATION

### A. Michigan's Preservation of Personal Privacy Act

The Michigan legislature passed the PPPA to protect personal "privacy with respect to the purchase, rental, or borrowing of certain materials," including written materials, sound recordings, and video recordings. *See* First Amended Class Action Complaint, ECF No. 9, PageID.550 ("FAC"), ¶ 16. The PPPA provides that:

> a person, or an employee or agent of the person, engaged
> in the business of selling at retail . . . books or other written
> materials   . . . shall not disclose to any person, other than

---

[3]    *Kain v. The Economist Newspaper NA, Inc*., No. 4:21-cv-11807 (E.D. Mich.) (where settlement provided an aggregate recovery of roughly $412 per class member. Previous aggregate recoveries in Michigan have been considerably lower). *See, e.g.*, *Perlin v. Time, Inc.*, No. 2:16-cv-10635 ECF No. 51, PageID.778–89 (E.D. Mich.) (approving class action settlement that was expected to pay between $25 to $50 per claimant); *Coulter-Owens v. Rodale, Inc.*, No. 2:14-cv-12688 ECF No. 54, PageID.852–66 (E.D. Mich.) (approving class action settlement that paid approximately $42 per claimant); *Kinder v. Meredith Corp.*, No. 1:14-cv-11284 ECF No. 72, PageID.2396–2436 (E.D. Mich.) (approving class action settlement that paid approximately $50 per claimant).

> the customer, a record or information concerning the
> purchase . . . of those materials by a customer that
> indicates the identity of the customer.

M.C.L. § 445.1712.

To enforce the statute, the PPPA authorizes civil actions and provides for the recovery of statutory damages in the amount of $5,000, plus costs and reasonable attorney fees. *See* M.C.L. § 445.1715. Because the claims alleged herein accrued, and thus vested, prior to the July 31, 2016, the effective date of the amended version of the PPPA, the pre-amendment version of the PPPA applies in this case. *See Horton v. GameStop, Corp.*, 380 F. Supp. 3d 679, 683 (W.D. Mich. 2018).

**B. Plaintiff's Allegations**

On December 22, 2021, former Plaintiff Jay Ketover initiated this action with the Class Action Complaint ("Compl."). On February 18, 2022, Plaintiff Strano filed a First Amended Complaint ("FAC") making the same allegations and replacing Mr. Ketover as named plaintiff. ECF No. 9. Kiplinger is a media company that publishes, among others, *Kiplinger Personal Finance* magazine. FAC ¶ 10. Plaintiff alleges that before July 31, 2016, Defendant disclosed information related to its customers' magazine subscription histories and personal reading habits without consent in violation of the PPPA. *Id.* ¶¶ 1–2, 5–8, 41–48. Plaintiff alleges that Defendant traded its customers' protected reading information with certain third parties in exchange for other demographic and lifestyle data that such companies have already gathered

3

on each subscriber. *Id.* ¶¶ 5, 41–43. Defendant thereafter "enhanced" its own customer profiles with this additional data, and then allegedly disclosed the enhanced information to other unrelated third parties for a profit. *Id.* ¶ 63.

Plaintiff further alleges that no matter how consumers subscribed (i.e., via postcard, over the phone, or on Defendant's website), Defendant's customers never provided consent to disclose information related to their magazine subscriptions to third parties. *Id.* ¶¶ 5, 8, 45–46. Plaintiff claims that this is because—during the subscription process—customers are not required to consent to any terms or policies informing them of Defendant's alleged disclosure practices. *Id.* ¶ 45.

### C.    Settlement Discussions

From the outset, the Parties engaged in direct communication, and, as part of their obligation under Rule 26, discussed the prospect of resolution. Declaration of Philip L. Fraietta ("Fraietta Decl.") ¶ 8, Ex. 1. And before Kiplinger would answer or respond to the FAC, the Parties agreed to engage in mediation before The Honorable Gerald E. Rosen (Ret.)—formerly E.D. Mich. Chief Judge and now a mediator at JAMS (Detroit). Fraietta Decl., ¶ 9. The Parties then sought and obtained stays of all case deadlines; exchanged informal discovery, including about the size and scope of the putative class, which includes roughly 17,413 persons; and exchanged mediation briefing pertaining to the merits, including the sufficiency of the pleadings and the applicable statute of limitations. *Id*. ¶¶ 9–10, 14. Given that

the information exchanged would contain the same information produced in formal discovery related to issues of class certification and summary judgment, the Parties had sufficient information to meaningfully assess the strengths and weaknesses of the claims and defenses and to negotiate a Settlement Agreement that is fair, reasonable, and adequate. *Id*. ¶ 11. Plaintiff's Counsel's experience in similar matters, as well as efforts made by counsel on both sides, ensured they were sufficiently well apprised of the facts, strengths, and weaknesses of their cases to make an intelligent analysis of the proposed Settlement Agreement. *Id*. ¶¶ 6–7, 15–18.

The mediation took place on May 31, 2022 and lasted the entire day. Fraietta Decl., ¶ 12. At the conclusion of it, Judge Rosen made a mediator's recommendation which the Parties accepted and then memorialized into an executed a term sheet. *Id*. In the weeks following, the Parties negotiated and finalized the full-form Settlement Agreement attached to the Fraietta Decl. as Ex. 1. On January 6, 2023, the Court preliminary approved the Settlement Agreement. ECF No. 26.

## III.   TERMS OF THE SETTLEMENT AGREEMENT

The terms of the Settlement Agreement are briefly summarized as follows:

### A. Class Definition

The "Settlement Class" is defined in ¶ 1.32 of the Agreement as:

> All Persons who purchased a subscription to *Kiplinger's Personal Finance* Magazine, *The Kiplinger* Letter,

> *Kiplinger's Investing for Income*, *The Kiplinger Tax Letter*, or *Kiplinger's Retirement* Report directly from the publisher thereof for delivery to a Michigan street address, and who subscribed to such publication between December 24, 2015, and July 30, 2016.[4]

Based on Defendant's records, there are 17,413 unique SCMs. *See* Declaration of Ryan Bahry Regarding Settlement Administration ("Bahry Decl."), ¶¶ 7–8.

## B. Monetary Relief

Defendant will establish a $6,845,670 non-reversionary Settlement Fund from which each Settlement Class Member who does not exclude him or herself shall automatically receive a *pro rata* cash payment, estimated to be $248, after payment of notice and administrative expenses, attorneys' fees, and a service award to the Class Representative. Agreement ¶¶ 1.34, 2.1. No portion of the Settlement Fund will revert back to Defendant. *Id.* ¶ 2.1(h).

## C. Release

In exchange for the $6,845,670 cash payment, Defendant, and each of its related and affiliated entities (the "Released Parties" defined in ¶ 1.28 of the

---

[4] Excluded from the Settlement Class are (1) all Persons whose subscription information was not disclosed to third parties, including without limitation to Persons who were on Kiplinger's "do not rent list;" (2) any Judge or Magistrate presiding over this Action and members of their families; (3) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (4) persons who properly execute and file a timely request for exclusion from the class; and (5) the legal representatives, successors or assigns of any such excluded persons.

Settlement), will receive a full release of all claims arising out of or related to Defendant's disclosure of its Michigan customers' magazine subscription information. *See* Agreement ¶¶ 1.27-1.29 (containing full release language).

### D. Notice and Administration Expenses

The Settlement Fund will be used to pay the cost of sending the Notice set forth in the Agreement and any other notice as required by the Court, as well as all costs of administration of the Settlement. Agreement ¶¶ 1.30-31, 1.33.

### E. Service Award and Attorneys' Fees and Expenses

On April 10, 2023, Plaintiff filed his Unopposed Motion for Attorneys' Fees, Costs, Expenses, and Service Award (ECF No. 28) ("Fee Petition") seeking a service award of $1,000 (PageID.1463–64). Further, in the Fee Petition and consistent with the Settlement Agreement, Class Counsel requested that this Court "approve attorneys' fees, costs, and expenses in the amount of 35% of the [Settlement Fund], or $2,395,984" (PageID.1481); *see also* Agreement ¶ 8.1. The Fee Petition containing the requested service award for the Class Representative and award of attorneys' fees, costs, and expenses for Class Counsel is unopposed, and there were no objections to it. Payment of attorneys' fees, costs, and expenses is due within 10 days after entry of Final Judgment. Agreement ¶ 8.2.

## IV.   THE NOTICE PLAN COMPORTS WITH DUE PROCESS

Before final approval can be granted, Due Process and Rule 23 require that

the notice provided to the class members is "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Notice "need only be reasonably calculated … to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *UAW v. Gen. Motors Corp.*, 2006 WL 891151, at *33 (E.D. Mich. Mar. 31, 2006) (citation omitted). Notice must clearly state essential information, including the nature of the action, terms of the settlement, and class members' options. *See* Fed. R. Civ. P. 23(c)(2)(B); *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 292 (W.D. Ky. 2014). At its core, "[a]ll that the notice must do is fairly apprise the prospective members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir. 2007) (citation omitted)

Due Process does not require that every class member receive notice, and a notice plan is reasonable if it reaches at least 70% of the class. *See Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008); Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010); *see also In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, 2009 WL 5184352, at *12 (W.D. Ky. Dec. 22, 2009) (finding notice plan to be "the best notice practicable"

8

where combination of mail and publications notice reached 81.8% of the class); *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269 (6th Cir. 2016) (finding that notice and claims processes were appropriate where 90.8% of notices were successfully delivered to addresses associated with class members). The notice plan here readily meets these standards, as it provided direct notice via a postcard or email to 95.5% of the Settlement Class. Bahry Decl., ¶ 12.

At preliminary approval, the Court approved the Parties' proposed Notice Plan, finding it met the requirements of Rule 23 and Due Process. ECF No. 26, PageID.1436–37. That plan has now been fully carried out by professional settlement administrator, JND Legal Administration ("JND"). Pursuant to the Settlement Agreement, Defendant provided JND with a list of 17,553 available names, addresses, and emails of potential Settlement Class Members. Bahry Decl. ¶ 6. After JND removed duplicates, the Class List contained 17,413 persons. *Id.* ¶ 7. JND successfully delivered the Court-Approved notice via postcard or e-mail (for Settlement Class Members with a valid e-mail address whose Postcard Notice was returned to JND as undeliverable and for whom JND could not locate an alternative mailing address) to 16,623 Settlement Class Members. *Id.* ¶¶ 9–12. Accordingly, the Court-approved notice successfully reached 95.5% of the Settlement Class. Agreement ¶¶ 4.1(b); Bahry Decl. ¶ 12.[5]

---

[5]     These notices also directed Settlement Class Members to the Settlement

Given the broad reach of the notice, and the comprehensive information provided, the requirements of due process and Rule 23 are met.

## V.    THE SETTLEMENT WARRANTS FINAL APPROVAL

The Federal Rules of Civil Procedure require judicial approval of class action settlements. *Halliday v. Weltman, Weinber & Reis Co., L.P.A.*, 2013 WL 692856, at *1 (E.D. Mich. Feb. 26, 2013) (citing Fed. R. Civ. P. 23(e)). At final approval, the ultimate issue is whether the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). Courts within the Sixth Circuit recognize a strong "federal policy favoring settlement of class actions." *UAW*, 497 F.3d at 632 (citation omitted); *see also Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 830 (E.D. Mich. 2008).

Rule 23(e)(2) provides factors for the Court to determine if a settlement is "fair, reasonable, and adequate." The Rule 23(e)(2) factors are: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii)

---

Website where they were able to submit change of address forms, access important court filings including the Motion for Attorneys' Fees, see deadlines and answers to frequently asked questions. Agreement ¶ 4.1(c); Bahry Decl. ¶¶ 13–15. JND also notified the appropriate state and federal officials as per CAFA. Bahry Decl. ¶¶ 4–5.

the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(2); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

In addition to these factors, the Sixth Circuit has overlaid its own factors. *See UAW*, 497 F.3d at 631. They are: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.* As described below, each factor affirms the fairness, reasonableness, and adequacy of the Settlement, and supports final approval.

## A. The Rule 23(e)(2) Factors Weigh in Favor of Final Approval

This Settlement satisfies each of the Rule 23(e)(2) factors.

First, Plaintiff and Class Counsel have adequately represented the class, including by securing an excellent per class member recovery. *See supra* at § I.

Second, the Settlement was negotiated at arm's length. The Parties conducted a mediation with the Honorable Gerald E. Rosen (Ret.), former Chief Judge of the Eastern District of Michigan after exchanging information sufficient to adequately assess the strengths and weaknesses of the case. *See supra* at § II.C.

11

Third, the relief provided is clearly adequate when taking into account the factors listed in Rule 23. The Settlement provides an extraordinary recovery for the Settlement Class and does so without additional delay and uncertainty of litigation. The Settlement also provides for Settlement Class Members to receive cash payments of approximately $248 without even filing a claim form. Agreement ¶ 2.1. The attorneys' fees and costs provided for by the Settlement are consistent with that of other PPPA settlements in this District. *See, e.g.*, *Perlin v. Time Inc.*, No. 2:16-cv-10635 ECF No. 55, PageID.1087–95 (E.D. Mich. Oct. 15, 2018) (Steeh, J.) (awarding 40% of $7.4 million settlement fund in PPPA action); *Kinder v. Meredith Corp.*, No. 1:14-cv-11284 ECF No. 72, PageID.2396–2436 (E.D. Mich. May 18, 2016) (Ludington, J.) (awarding 35% of $7.5 million settlement fund in PPPA action); *Moeller v. American Media, Inc.*, No. 2:16-cv-11367 ECF No. 42, PageID.891–99 (E.D. Mich. Sept. 28, 2017) (Levy, J.) (awarding 35% of $7.6 million settlement fund in PPPA action).[6]

Fourth, the proposed Settlement treats class members equitably as every Settlement Class Member will receive an identical *pro rata* cash payment under the Settlement Agreement. Agreement ¶ 2.1.

---

[6]    *See also Thomsen v. Morley Cos., Inc.*, No. 1:22-cv-10271 ECF No. 39, PageID.2301 (Ludington, J.) (approving attorney's fee award and finding that using "[t]he "percentage-of-fund method is apt because it reflects counsel's specialization in data [privacy]" matters).

**B.      The Sixth Circuit's *UAW* Factors Weigh in Favor of Final Approval**

**1.  There Is No Risk of Fraud or Collusion (*UAW* Factor 1)**

The first *UAW* factor is "the risk of fraud or collusion." *UAW*, 497 F.3d at

631. "Courts presume the absence of fraud or collusion in class action settlements

unless there is evidence to the contrary." *Leonhardt*, 581 F. Supp. 2d at 838. Where,

as here, a settlement was reached through arm's-length negotiations through an

experienced mediator, there is no fraud or collusion. *See, e.g.*, *Sheick v. Auto.*

*Component Carrier, LLC*, 2010 WL 3070130, at *13 (E.D. Mich. Aug. 2, 2010)

("[N]egotiations of the Settlement Agreement were conducted at arm's-length by

adversarial parties and experienced counsel, which itself is indicative of fairness,

reasonableness, and adequacy.").

**2.  Litigation Through Trial Would Be Complex, Costly, and Long (UAW Factor 2)**

The second *UAW* factor is "the complexity, expense and likely duration of the

litigation." *UAW*, 497 F.3d at 631. Most class actions are inherently risky, and thus

"[t]he obvious costs and uncertainty of such lengthy and complex litigation weigh

in favor of settlement." *UAW*, 2006 WL 891151 at *17. This case is no exception.[7]

---

[7]      As discussed above, the Parties have engaged in informal discovery and
private mediation. The next steps in the litigation would include formal discovery,
including written discovery, depositions of the Parties, and third-party discovery,
and contested motions for summary judgment and class certification, which would
be costly and time-consuming for the Parties and the Court, and create risk that a

Defendant has indicated that it would assert numerous defenses on the merits. More specifically, Plaintiff is aware that Defendant would continue to assert that the FAC should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) – and indeed, a similar motion to dismiss was granted by another court in this District while this Settlement was pending preliminary approval. *See Nashel v. New York Times Co.*, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022) (granting publisher defendant's motion to dismiss for failure to state a claim); *see also Bozung v. Christianbook, LLC*, 2023 WL 2385004 (W.D. Mich. Mar. 6, 2023) (granting similar motion to dismiss). Defendant would also continue to assert that the case is time-barred by the statute of limitations. If those arguments failed, Defendant would assert that the PPPA does not prohibit the disclosure of the information at issue (because the third-party recipients of the alleged disclosures are Kiplinger's agents), that Defendant provided appropriate notice of its practices so as to make the alleged disclosures permissible under the PPPA, and that the PPPA does not apply to subscriptions that were not sold by Defendant "at retail," as is required to come under the scope of the statute. Plaintiff and Class Counsel are also aware that Defendant would oppose class certification, undertaking a competent defense at trial. Looking beyond trial, Plaintiff is also aware that Defendant could appeal the merits of any

---

litigation class would not be certified or that the Settlement Class would recover nothing at all.  Fraietta Decl. ¶¶ 17–18.

adverse decision. Due to the statutory damages in play, Defendant would argue—in both the trial and appellate courts—for a reduction of damages based on due process concerns. *Id.*

The Settlement, on the other hand, permits a prompt resolution of this action on terms that are fair, reasonable, and adequate to the Class. This result will be accomplished years earlier than if the case proceeded to judgment through trial and/or appeals and provides certainty whereas litigation does not and could result in defeat. Consequently, this *UAW* factor weighs in favor of final approval of the SA.

### 3. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*UAW* Factor 3)

The third *UAW* factor is "the amount of discovery engaged in by the parties." *UAW*, 497 F.3d at 631. Here, the Parties exchanged information that would have contained the same information produced in formal discovery related to issues of class certification and summary judgment; and thus, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses. Fraietta Decl., ¶ 11. Class Counsel's experience in similar matters, as well as the efforts made by counsel on both sides, confirms that they are sufficiently well apprised of the facts of this action, and the strengths and weaknesses of their respective cases, to make an intelligent analysis of the Settlement. *Id.*

### 4. Plaintiff Would Face Real Risks if the Case Proceeded (*UAW* Factor 4)

The fourth *UAW* factor is "the likelihood of success on the merits." *UAW*, 497 F.3d at 631. Defendant has made clear that absent a settlement, it would file a motion to dismiss; move for summary judgment; and contest class certification. *See supra* at § V.B.2. The risk of maintaining class status through trial is also present since the Court has not yet certified a litigation class. Defendant would likely argue, after lengthy discovery and exhaustive class certification briefing, that individual questions preclude class certification, and that a class action is not a superior method to resolve Plaintiff's claims. Even if the Court did certify a litigation class, Defendant would likely move to decertify, forcing additional rounds of briefing. Risk, expense, and delay permeate such a process and the proposed Settlement eliminates them. This *UAW* factor thus favors final approval.

### 5. Class Counsel and the Class Representative Support the Settlement (*UAW* Factor 5)

The fifth *UAW* factor is "the opinions of class counsel and class representatives." *UAW*, 497 F.3d at 631. "The endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class settlement." *UAW*, 2008 WL 4104329, at *18. Here, both Class Counsel and the Class Representative support the Settlement. *See* Fraietta Decl. ¶¶ 16–19; Declaration of

16

Ralph Strano (ECF No. 22-3) ¶¶ 8–9. This *UAW* factor therefore favors final approval.

### 6. The Reaction of Absent Class Members Is Uniformly Positive (*UAW* Factor 6)

The sixth *UAW* factor is "the reaction of absent class members." *UAW*, 497 F.3d at 631. In most class action settlements, a small number of opt-outs and objections "are to be expected" and do not impact the Settlement's fairness. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003) (citations omitted); *see also Olden v. Gardner*, 294 F. App'x 210, 217 (6th Cir. 2008) (inferring that most "class members had no qualms" with settlement where 79 out of 11,000 class members objected). But here, **<u>zero</u>** class members objected and only five class members opted out. Bahry Decl. ¶¶ 19–21. The lack of objections or exclusions is even more impressive when considering that 95.5% of the Settlement Class received direct notice of the Settlement. Bahry Decl. ¶ 12. This *UAW* factor therefore plainly weighs in favor of final approval. *See, e.g.*, *Hanlon v. Chrysler*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *4 (E.D.N.Y. Nov. 20, 2012) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication of fairness.").

17

### 7.  The Settlement Serves the Public Interest (*UAW* Factor 7)

The seventh and final *UAW* factor is "the public interest." *UAW*, 497 F.3d at 631. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *In re Cardizem*, 218 F.R.D. at 530 (internal quotations omitted). Further, when individual class members seek a relatively small amount of statutory damages, "economic reality dictates that [their] suit proceed as a class action or not at all." *Eisen*, 417 U.S. at 161. Society undoubtedly has a strong interest in incentivizing lawyers to bring complex litigation that is necessary to protect the privacy of consumers' personal reading choices. In fact, class action litigation in this area is the most realistic means of safeguarding the privacy of readers under the PPPA, especially because consumers are generally unaware that their privacy rights are being violated by these data sharing practices (here, Plaintiff alleged that Defendant secretly disclosed its customers' personal reading information). Thus, the alternative to a class action in this case would have been no enforcement at all, and KWE's alleged unlawful conduct would have gone unremedied. This factor therefore supports final approval.

All the *UAW* factors weigh in favor of approval, and the Settlement on its face is fair, reasonable, and adequate, and not a product of collusion. The Court should therefore grant final approval.

18

## VI.   THE SETTLEMENT CLASS SHOULD BE FINALLY CERTIFIED

This Court's preliminary approval order conditionally certified a class, for settlement purposes, of: "All people who purchased a subscription directly from the publisher of *Kiplinger's Personal Finance* Magazine, the *Kiplinger* Letter, *Kiplinger's Investing for Income*, *The Kiplinger Tax* Letter, or *Kiplinger's Retirement* Report for delivery to a Michigan street address, and who subscribed to such a publication between December 24, 2015 and July 30, 2016." ECF No. 26, PageID.1438. This Court's preliminary approval order also appointed the law firm of Bursor & Fisher, P.A as Class Counsel and Plaintiff Ralph Strano as Class Representative, both for settlement purposes only. *Id*.

This Court's preliminary approval order certified the Settlement Class and appointed Class Counsel and Plaintiff as Class Representative, setting forth an extensive analysis of the propriety of certification under Rule 23(a) and Rule 23(b)(3) (ECF No. 26) following the argument in Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 19, PageID.1169–80), as amended by Plaintiff's Revised Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 25). This Court was correct in conditionally certifying the Class for settlement purposes pursuant to Rules 23(a) and (b)(3), and nothing has changed to alter the propriety of this Court's certification. This Court should now grant final certification of the Settlement Class.

## VII.  CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant the Unopposed Motion for Final Approval of Class Action Settlement and enter Final Judgment in the form submitted herewith.

Dated: May 22, 2023               Respectfully submitted,

By: */s/ Philip L. Fraietta*

Joseph I. Marchese (P85862)
jmarchese@bursor.com
Philip L. Fraietta (P85228)
pfraietta@bursor.com
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Fl
New York, New York 10019
Tel: 646.837.7150

*Class Counsel*

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248.841.2200
epm@millerlawpc.com
ssa@millerlawpc.com

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107

*Other Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Philip L. Fraietta, an attorney, hereby certify that on May 22, 2023, I served

the above and foregoing ***Plaintiff's Unopposed Motion for Final Approval of Class***

***Action Settlement*** on all counsel of record by filing it electronically with the Clerk

of the Court using the CM/ECF filing system.

<div style="margin-left:40%;">

*/s/ Philip L. Fraietta*
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Fl
New York, New York 10019
Tel: 646.837.7150

</div>