UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RALPH STRANO, individually and on
behalf of all others similarly situated,

        Plaintiff,                     Case No. 1:21-cv-12987

v.                                          Honorable Thomas L. Ludington
                                                United States District Judge

KIPLINGER WASHINGTON EDITORS, INC.,

        Defendant.
_____/

**OPINION AND ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, GRANTING MOTION FOR APPROVAL OF ATTORNEY'S FEES AND COSTS, AND DISMISSING CASE WITH PREJUDICE**

In this class-action suit brought under Michigan's Preservation of Personal Privacy Act (PPPA), Plaintiff Ralph Strano alleges Defendant Kiplinger Washington Editors, Inc. improperly disclosed "detailed information" about his subscription to *Kiplinger's Personal Finance*, leading to "a barrage of unwanted junk mail." ECF No. 9 at PageID.543–44.

After successful negotiations, the Parties reached a settlement that was preliminarily approved, and the following Settlement Class was certified: "[a]ll people who purchased a subscription directly from the publisher of *Kiplinger's Personal Finance* Magazine, *The Kiplinger Letter*, *Kiplinger's Investing for Income*, *The Kiplinger Tax* Letter, or *Kiplinger's Retirement Report* for delivery to a Michigan street address, and who subscribed to such a publication between December 24, 2015, and July 30, 2016." *Strano v. Kiplinger Washington Eds., Inc.*, No. 1:21-CV-12987, 2023 WL 119647, at *9 (E.D. Mich. Jan. 6, 2023).

A final-approval hearing was held on October 5, 2023. As explained hereafter, despite a handful of requests by Class Members to be excluded from the Settlement, no Class Member

objected to the Settlement and this Court finds the settlement is fair, reasonable, and adequate. Therefore, the Settlement Agreement will be approved, the proposed service awards and attorney's fees and costs will be awarded, a final judgment will be entered, and the above-captioned case will be dismissed with prejudice.

I.

In December 2021, former Lead Plaintiff Jay Ketover sued Defendant for violating Michigan's PPPA, alleging that, on or before July 30, 2016, Defendant disclosed information about its subscribers' personal reading history and habits without their consent. ECF No. 1 at PageID.4–5. In February 2022, Lead Plaintiff Ralph Strano replaced Jay Ketover in the First Amended Complaint and asserted the same allegations. ECF No. 9.

In May 2022, after successful mediation with former Chief Judge Gerald Rosen, the Parties reached a settlement agreement. *Strano v. Kiplinger Washington Eds., Inc.*, No. 1:21-CV-12987, 2023 WL 119647, at *6 (E.D. Mich. Jan. 6, 2023). Plaintiff then filed a motion for preliminary approval of the Settlement Agreement under Civil Rule 23(e). ECF No. 19.

The Agreement provided for payments to the members of the proposed Settlement Class, release of claims, class-notice procedures, settlement administration, attorney's fees, service awards, and procedure for terminating the Agreement. *See generally* ECF No. 19-6. After reviewing the Agreement in detail, this Court denied Plaintiff's Motion for Preliminary Approval without prejudice because the proposed $5,000 service award misaligned the interests of the Lead Plaintiff and the unnamed members of the Class, raising concerns about the adequacy of the Lead Plaintiff's representation and the adequacy of the relief. *See generally Strano v. Kiplinger Wash. Eds., Inc.*, No. 1:21-CV-12987, 2022 WL 17718414 (E.D. Mich. Dec. 15, 2022).

Six days later, Plaintiff filed a Revised Unopposed Motion for Preliminary Approval of Class Action Settlement which reduced Lead Plaintiff's service award to $1,000 and noted the $4,000 difference would be "distributed *pro rata* among Settlement Class Members," ECF No. 25 at PageID.1413 (citing ECF No. 19-6 at PageID.1268). After reviewing the Agreement in detail again in light of the amended service award for Lead Plaintiff, this Court preliminary approved it. *See generally Strano v. Kiplinger Washington Eds., Inc.*, No. 1:21-CV-12987, 2023 WL 119647 (E.D. Mich. Jan. 6, 2023).

Class notice was sent as ordered, the time for objections passed, and a final-approval hearing was held to determine whether the Agreement is "fair, reasonable, and adequate" under Rule 23(e)(2) on October 5, 2023. At the hearing, this Court considered the record of the case and the Parties' arguments and authorities regarding the Settlement.

For the reasons stated on the record, all the factors satisfied at the preliminary-approval stage were satisfied again. Which leaves only the sixth factor from *UAW v. GM* 497 F.3d 615, 631 (6th Cir. 2007), the reaction of absent Class Members.

## II.

The claims of "a class proposed to be certified for purposes of settlement[] may be settled, voluntarily dismissed, or compromised only with the court's approval." FED. R. CIV. P. 23(e). After preliminary approval, notice, and time for objections, the proposed settlement may be finally approved "only after a hearing and only on finding that it is fair, reasonable, and adequate" based on the review of seven factors. FED. R. CIV. P. 23(e)(2). To the same end, the Sixth Circuit provides seven factors to determine whether a class settlement is fair, reasonable, and adequate. *UAW*, 497 F.3d at 631. This Court has already determined that all but one factor from the latter set have been satisfied, *see Strano v. Kiplinger Washington Eds., Inc.*, No. 1:21-CV-12987, 2023 WL 119647

(E.D. Mich. Jan. 6, 2023), leaving this Court to determine whether the reaction of absent Class Members warrant approval of the Agreement.

### III.

The sixth factor favors approval. Only five Class Members opted out, ECF No. 30-2 at PageID.1704, which favors approval, *see In re Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 997 (N.D. Ohio 2016) (favoring approval if only a small number of class members opt out). And there were no objections, which "indicates that the Settlement is fair, reasonable and adequate in a class of this size." *See Hainey v. Parrott*, 617 F. Supp. 2d 668, 675 (S.D. Ohio 2007). In sum, the reaction of absent Class Members weighs in favor of final approval, so the Settlement Agreement and Class Notice satisfy all the relevant factors.

For those reasons, this Court will grant final approval of the Settlement Class, the Settlement Agreement, and the payment of attorney's fees, costs, and expenses of $2,395,984 and a service award of $1,000 to the Class Representative Ralph Strano.

### IV.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Grant Final Approval of the Settlement Agreement, ECF No.30, is **GRANTED**.

Further, it is **ORDERED** that the Settlement Agreement, ECF No. 19-6 at PageID.1240–78, as amended by ECF No. 25 at PageID.1412, is **APPROVED**.

Further, it is **ORDERED** that the Settlement Agreement, ECF No. 19-6 at PageID.1240–78, as amended by ECF No. 25 at PageID.1412–15, is **INCORPORATED** into this Final Judgment in full and shall have the full force of an Order of this Court.

Further, it is **ORDERED** that Plaintiffs' Motion for Approval of Attorney's Fees, Costs, Expenses, and Service Awards, ECF No. 28, is **GRANTED**, and all such payments shall be made

according to the terms of the Settlement Agreement, ECF No. 19-6 at PageID.1240–78, as amended by ECF No. 25 at PageID.1412-15.

Further, it is **ORDERED** that Final Judgment is **ENTERED**.

Further, it is **ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that this Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement agreement. *See* ECF No. 19-6 at PageID.1276.

**This is a final order and closes the above-captioned case**.

Dated: October 11, 2023                             s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge